18555. Schlosburg *v.* Tanenbaum.

Stephens. J. 1. Nothing contained in §§ 63, 68 of the uniform negotiable instruments act, or elsewhere in the act, in force in the State of South Carolina and applicable to this case, precludes one who has executed a promissory note, ostensibly as the maker, from showing that he in fact, when executing the note, contracted as a surety only. Civil Code of South Carolina (1922), §§ 3652 et seq. Since § 196 of the act (Civil Code of South Carolina, § 3847) provides that "in any case not provided for in this article [meaning this act] the rules of the law merchant shall govern," it must be held by this court, it not appearing otherwise, that the law merchant, which is the common law, regulating negotiable instruments as applied by the courts of this State, obtains in the State of South Carolina. Merchants & Farmers Savings Bank *v.* Katterjohn, 137 Ky. 427 (125 S. W. 1071, Ann. Cas. 1912A, 439); Brannan on the Negotiable Instruments Law (3d ed.) 416.

2. Where one executed a promissory note ostensibly as the maker, but in fact contracted as a surety only, which fact was known to another person, who at the same time signed the note both ostensibly and in fact as a surety, the former may, in a suit against him by the latter, who has paid the note to the payee, set up as a defense that, notwithstanding the positions of the signatures of the plaintiff and the defendant on the note, "it was understood and agreed by all parties thereto that as among themselves" both the plaintiff and the defendant were accommodation indorsers for another as the real maker, whose name appeared upon the note as an indorser. This is the common-law rule as construed by the courts of Georgia.

3. Where the plaintiff sues for the full amount of the note, alleging that he as indorser has paid the note in full to the payee, and alleging that the defendant as the maker of the note is liable to the plaintiff in the full amount sued for, as provided under § 121 of the uniform negotiable instruments law in force in the State of South Carolina where the contract was made (Civil Code of South Carolina (1922), § 3772), the defendant's plea, admitting liability to the plaintiff for one half of the amount sued for, and alleging that the defendant, although ostensibly the maker of the note, was in fact a surety by virtue of a parol agreement and understanding between him and the plaintiff and the payee of the note, but which does not plead any statute or other law of the State of South Carolina, assuming that it admits the negotiable instruments

■

law as applicable, sets up a good defense under the common law, unmodified and unaffected by the negotiable instruments law.

4. The court did not err in overruling the plaintiff's motion to strike the defendant's plea, and the verdict afterwards found for the plaintiff for one half of the amount sued for, liability for which the defendant admitted, was not subject to the exception made by the plaintiff that it was not a legal termination of the case. 3 R. C. L. 1138; 8 C. J. 291.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 28, 1928.

*Wright & Jackson, L. A. Wiltkowsky, M. L. Smith,* for plaintiff.
*D. G. Fogarty, Lee, Congdon & Fulcher,* for defendant.